By the Court.
Two questions are raised by the contentions of relator: (1) Are the provisions of House Bill No. 383 (Sections 614-84, 614-92», 614-105, 614-107, 614-109 and 614-111, General Code), effective August 8, 1939, so indefinite, uncertain and irreconcilably contradictory in law as to render that act invalid? and (2) was the Public Utilities Commission justified in refusing to permit relator to file its application for authority to amend its permit, No. 941, by adding thereto a contract for private hauling entered into between itself and the Paramount Distillers, Inc?
Are the provisions referred to indefinite, uncertain and irreconcilably contradictory?
After the private motor carrier gets his permit to operate, and complies with its terms and the order by which it was granted, he cannot, “substitute, increase *487 or decrease the persons, firms or corporations” who have previously entered into contracts with him or change existing contracts without approval by the commission. Section 614-111, General Code. The application “to substitute or increase” employers is governed by the provisions covering an original application for a permit. The contract must accompany the application (Section 614-107, General Code) and “shall be kept by the commission in a separate file, for the exclusive inspection and use by the commission in the performance of its duties.” Section 614-109, General Code.
Relator complains that the contract is required to be kept secret and yet may be used in a public hearing on the application; therefore, it is urged, the provisions are irreconcilable. These provisions, being in pari materia, must be construed together, and mean simply that the contract shall be on file as required only when not in use by the commission at hearings or otherwise. The provisions are not contradictory.
An examination of the provisions of House Bill No. 383 as a whole discloses that they are reasonably certain and not invalid for indefiniteness.
Was the Public Utilities Commission justified in refusing to file the application?
The reason the commission gave for refusing was that its rule of practice required that the application be accompanied with an affidavit containing rates and other pertinent information.
The commission sets out that this affidavit which is to be signed by the employer of the contract carrier is designated by the commission as “P. C. form 301-a.” A copy of this form of affidavit, which is attached to the answer and made part thereof, contains this clause: “Affiant further says that full compensation will be paid to the carrier by the employer and that said full compensation and the basis for computing same is set *488 forth in detail in exhibit A, a copy of which is attached hereto and made a part hereof.”
There seems to be no good reason why the commission is not entitled to this information. In other jurisdictions it has been held that rates of private contract haulers may be regulated at least within certain limitations. Stephenson v. Binford, 287 U. S., 251, 77 L. Ed., 288, 53 S. Ct., 181; Anderson v. Thomas, Commr., 144 Ore., 572, 26 P. (2d), 60; Johnstown v. L. B. Hartz Stores, Inc., 202 Minn., 132, 277 N. W., 414; Atchison, T. & S. F. Ry. Co. v. State Corporation Comm., 150 Kan., 553, 95 P. (2d), 554.
If rates may be regulated without interfering with constitutional rights there is no reason why the commission may not require by rule that information as to rates and other pertinent information be filed with the application.
The relator devotes a part of its brief to urging that its business “is not clothed with a public interest which subjects it to legislative restriction” other than such as may be necessary to secure observance of proper safety rules and regulations on public highways. No question of fixing rates is presented by the record and it is not even claimed that the commission has taken any steps to regulate the compensation that may be collected by relator from Paramount Distillers, Inc., or other employers of relator. Since the rule of the commission required only the giving of information no restriction was thereby imposed on relator’s business.
The demurrer tó the answer is overruled and relator not desiring to plead further, the writ is denied.

Writ denied.

Weygandt, C. J., Day, Zimmerman, Turner, Williams, Matthias and Hart, JJ., concur.